# EXHIBIT "A"

MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK    NJ 08903-2633

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 519-3728
COURT HOURS

DATE:   AUGUST 20, 2009
RE:     BANK OF AMERICA N A   VS BANK BUILDING ASSOC L P
DOCKET: MID L -007052 09

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 4.

DISCOVERY IS PRESUMPTIVELY 450 DAYS BUT MAY BE ENLARGED OR SHORTENED BY THE JUDGE AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE MANAGING JUDGE ASSIGNED IS:  HON JAMES P. HURLEY

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    003
AT:  (732) 519-3745 EXT 3745.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE WITH   R.4:5A-2.
ATTENTION:

ATT: MICHAEL T. COLLINS
SODINI & SPINA
500 HARDING ROAD
FREEHOLD       NJ 07728-1422

JUMGOR0

**SODINI & SPINA, L.L.C.**
500 Harding Road
Freehold, New Jersey 08837
(732) 431-0011
Attorneys for Plaintiff Bank of America, N.A.

FILED & RECEIVED #1
09 AUG 20 PM 12: 26
MIDDLESEX
DEPUTY CLERK
SUPERIOR COURT

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br>Plaintiff,<br>-vs.-<br>BANK BUILDING ASSOCIATES, L.P.,<br>BERGER & BORNSTEIN, P.A.,<br>LAWRENCE S. BERGER, and ROBERT A.<br>BORNSTEIN, individually, ABC<br>COMPANIES 1-10, JOHN DOES 1-10 and<br>JANE DOES 1-10,<br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ~~MORRIS~~ COUNTY<br>MIDDLESEX<br>Docket No. MID-L-007052-09<br>Civil Action<br><br>**COMPLAINT<br>AND JURY DEMAND** |

Bank of America, N.A., ("BOA"), by way of Complaint against the Defendants Bank Building Associates, L.P., Berger & Bornstein, P.A., Lawrence S. Berger and Robert A. Bornstein, individually, ABC Companies 1-10, John Does 1-10 And Jane Does 1-10, says as follows:

### THE PARTIES

1. BOA ("BOA" or "Plaintiff") is a national banking association authorized to do business in the State of New Jersey.

2. Upon information and belief, Bank Building Associates, L.P., ("Bank Building") is the owner of certain real property situated at 335 Ridge Road, Township of South Brunswick, New Jersey (the "Premises").

3. Berger & Bornstein, P.A., ("Berger & Bornstein") is a law firm engaged in the practice of law in the State of New Jersey and at all times relevant to this action has represented

1

the Defendant Bank Building in various capacities including, but not limited to, a suit against the Township of South Brunswick.

4. Lawrence S. Berger, Esq., ("L. Berger") is an attorney-at-law in the State of New Jersey and a member of Berger & Bornstein.

5. Robert A. Bornstein, Esq., ("R. Bornstein") is an attorney-at-law in the State of New Jersey and a member of Berger & Bornstein.

6. ABC Companies 1-10, John Does 1-10 and Jane Does 1-10 are fictitious names of entities and/or individuals, as yet unidentified, who own, operate and/or manage Bank Building and who may be found to be or have been responsible for the damages sustained by Plaintiff as set forth herein (ABC Companies 1-10, John Does 1-10 and Jane Does 1-10 are hereinafter collectively referred to as the "Doe Defendants").

## FACTS COMMON TO ALL COUNTS

1. Defendant Bank Building is the owner of real property situated at 335 Ridge Road, Township of South Brunswick, New Jersey and has been the owner of said property since in/or about 1993.

2. BOA or certain predecessors of BOA were tenants of Bank Building at the Premises until May of 2005 at which time BOA vacated said Premises.

3. Subsequent to BOA vacating the Premises, Bank Building claimed to be dissatisfied with the condition of the parking lot, the driveway surface areas and the concrete sidewalks and curbing at the Premises, undertook to repair and/or to replace same and demanded that BOA reimburse it for the expenses incurred by it in the repair and/or replacement of same pursuant to alleged obligations under the terms of the lease.

2

4. BOA denied any such obligations and Bank Building initiated suit in the Superior Court of New Jersey, Morris County, Law Division seeking recovery of the sums it claimed was due (the "Morris County Action").

5. The Morris County Action was tried before the Honorable Deanne M. Wilson on/or about June 3, 2008. However, as a result of various procedural oddities and anomalies and the fact that all claims as to all parties had not been disposed of at the conclusion of the trial, there were and remain issues as to the finality of various judgments entered by the court in the Morris County Action.

6. In any event, prior to the final disposition of all claims as to all parties and the entry of the most recent judgments in favor of Bank Building in the Morris County Action in January and February of 2009, BOA became aware that it had erroneously and inadvertently (a) expended the sum of $411,335.80 for real estate taxes on the subject Premises after it had vacated same in May of 2005 that BOA had no obligation to pay, (b) continued paying water and sewer charges on the Premises in the amount of $25,510.57 after it had vacated the Premises that BOA had no obligation to pay and (c) paid for property insurance in the amount of $65,905.44 after it had vacated the Premises that it had no obligation to pay.

7. As a result of these erroneous and inadvertent payments and prior to the time that all claims as to all parties had been finally disposed of in the Morris County Action, BOA filed a motion before the trial court in the Morris County Action seeking, *inter alia*, a credit for the sums erroneously and inadvertently paid by BOA that benefited Bank Building to be applied against any judgment that might be entered against BOA in the Morris County Action.

8. By order dated July 15, 2009, the trial court denied BOA's application for the

3

aforementioned credits but ordered that BOA would be permitted file a complaint within thirty (30) days seeking relief for damages incurred in the making of the erroneous and inadvertent payments after termination of the Bank Building lease that was the subject matter of the Morris County Action.

9. Contemporaneously with the filing of the motion by BOA, it was discovered by BOA that Bank Building had not made any payments for real estate taxes since BOA vacated the Premises in 2005.

10. BOA's investigation further revealed that in or about 2007, the law firm of Berger & Bornstein had, in fact, initiated an appeal in the Tax Court of New Jersey, Middlesex County, seeking an adjustment of taxes due and owing by Bank Building, its client, in connection with the Premises.

11. Ultimately, Berger & Bornstein were successful and received a reduction for Bank Building for the tax years 2007 and 2008 in the amount of a total tax refund of $47,598.00.

12. The total tax refund noted above is property that properly belonged to BOA insofar as Bank Building had paid no taxes and as a result of the erroneous and inadvertent payments of real estate taxes on the subject Premises by BOA. Bank Building, the entities and/or individuals who own, operate and/or manage Bank Building, Berger & Bornstein and L. Berger and R. Bornstein, individually, knew at the time they were seeking these tax adjustments that Bank Building was not entitled to any refund of funds received for any tax reductions on the Premises for tax years 2007 and 2008 as a result of, *inter alia*, their knowledge of the facts that (a) Bank Building had not paid the real estate taxes since 2005, (b) any payments had been erroneously and inadvertently paid by BOA and (c) any such funds rightfully belonged to BOA.

Nonetheless, Bank Building, the entities and/or individuals who own, operate and/or manage Bank Building, Berger & Bornstein and L. Berger and R. Bornstein, individually, failed to advise the Township of South Brunswick or BOA of these facts and in fact concealed their knowledge from the Township of South Brunswick and BOA.

13. Bank Building, the entities and/or individuals who own, operate and/or manage Bank Building and Berger & Bornstein through L. Berger and/or R. Bornstein, entered into a Stipulation of Settlement with the Township of South Brunswick relative to the taxes which were due and owing and directed the Township of South Brunswick to make the proceeds of any refund available to Bank Building even though any such funds belonged to BOA.

14. That stipulation provided, *inter alia*, that "all tax overpayments shall be by refund check made payable to Bank Building Associates without any off-sets or deductions whatsoever for any unpaid taxes or municipal charges for tax years subsequent to the tax years covered by the Stipulation."

15. Bank Building, the entities and/or individuals who own, operate and/or manage Bank Building, Berger & Bornstein and L. Berger and R. Bornstein, individually, possessed actual knowledge that Bank Building was not entitled to any refund inasmuch as none of them had paid taxes on the subject premises since 2005, however, they failed to advise the Township of South Brunswick or BOA of these facts and in fact concealed their knowledge from the Township of South Brunswick and BOA.

16. Bank Building, the entities and/or individuals who own, operate and/or manage Bank Building, Berger & Bornstein and L. Berger and R. Bornstein, individually, possessed actual knowledge that tax payments for the Premises were erroneously and inadvertently being

5

made by BOA that unjustly inured to the benefit of Bank Building and yet concealed their knowledge from BOA, failed to notify BOA of these facts and continued to allow BOA to erroneously and inadvertently make payments of sums BOA did not owe.

17. The Township of South Brunswick ultimately passed a resolution authorizing the refund of property taxes to Bank Building acting under the mistaken impression that Bank Building had made tax payments when, in fact, Bank Building had not done so and thus had no entitlement to these proceeds.

18. In accordance with the results of the tax appeal, the outstanding tax obligations of Bank Building were satisfied with funds that did not belong to Bank Building and a check in the net amount of $8,763.25 of other funds that did not belong to Bank Building was remitted to Bank Building on or about June 3, 2009.

## FIRST COUNT

1. BOA repeats and realleges the allegations set forth in the preceding paragraphs as if same were fully set forth herein at length.

2. Bank Building, the entities and/or individuals who own, operate and/or manage Bank Building and possibly one or more of the other Doe Defendants (collectively the "Bank Building Conspirators") have improperly and wrongfully received monies and/or received the benefit of monies rightfully belonging to BOA and have been unjustly enriched to the detriment of BOA.

3. BOA has demanded return of and/or credit for all sums erroneously and inadvertently paid by BOA that were improperly and wrongfully received by the Bank Building Conspirators or were otherwise wrongfully applied for the benefit of the Bank Building

6

Conspirators, but said demands have been either ignored or opposed.

4. As a result of the conduct of the Bank Building Conspirators, Berger & Bornstein, L. Berger and/or R. Bornstein as set forth above and possibly otherwise, BOA has suffered damages and one or more of these defendants is liable to BOA for any and all damages BOA has or may incur as a result of these activities including, but not limited to, punitive damages, attorneys' fees and costs.

## SECOND COUNT

1. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and the First Count of the Complaint as if same were fully set forth herein at length.

2. The Bank Building Conspirators have improperly and wrongfully diverted and converted monies and property rightfully belonging to BOA.

3. BOA has demanded return of and/or credit for all sums so wrongfully diverted and converted that were improperly and wrongfully received by the Bank Building Conspirators or were otherwise wrongfully applied for the benefit of the Bank Building Conspirators, but said demands have been either ignored or opposed.

4. As a result of the conduct of the Bank Building Conspirators, Berger & Bornstein, L. Berger and/or R. Bornstein as set forth above and possibly otherwise, BOA has suffered damages and one or more of these defendants is liable to BOA for any and all damages BOA has or may incur as a result of these activities including, but not limited to, punitive damages, attorneys' fees and costs.

## THIRD COUNT

1. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs

and the preceding Counts of the Complaint as if same were fully set forth herein at length.

2. One or more of the Bank Building Conspirators, Berger & Bornstein, L. Berger, and/or R. Bornstein represented to the Township of South Brunswick that Bank Building had made payments for real estate taxes on the Premises such that Bank Building was entitled to any refund from any adjustment and return of overpayments of taxes on the Premises.

3. One or more of the Bank Building Conspirators, Berger & Bornstein, L. Berger, and/or R. Bornstein knew these representations were false at the time they were made.

4. One or more of the Bank Building Conspirators, Berger & Bornstein, L. Berger, and/or R. Bornstein knew, in fact, that BOA had made these real estate tax payments erroneously and inadvertently.

5. The Bank Building Conspirators, Berger & Bornstein, L. Berger, and/or R. Bornstein failed to notify the Township of South Brunswick that the real estate taxes had been paid by BOA and also failed to advise BOA that they were seeking a reimbursement of monies belonging to BOA.

6. As a result of the conduct of the Bank Building Conspirators, Berger & Bornstein, L. Berger and/or R. Bornstein as set forth above and possibly otherwise, BOA has suffered damages and one or more of these defendants is liable to BOA for any and all damages BOA has or may incur as a result of these activities including, but not limited to, punitive damages, attorneys' fees and costs.

## FOURTH COUNT

1. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and the preceding Counts of the Complaint as if same were fully set forth herein at length.

8

2. Bank Building has obtained a judgment against BOA in the Morris County Action in the sum of $694,276.65 that has been stayed and is currently the subject of an appeal.

3. As a result of the erroneous and inadvertent payments made by BOA as set forth above, to the extent any judgment in favor of Bank Building against BOA in the Morris County Action is upheld on appeal, BOA is entitled to a set-off and/or credit against any such judgment of all sums erroneously and inadvertently paid by BOA together with interest, attorneys' fees and costs.

### FIFTH COUNT

1. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and the preceding Counts of the Complaint as if same were fully set forth herein at length.

2. At all times material hereto, the Bank Building Conspirators, Berger & Bornstein, L. Berger and/or R. Bornstein constituted an enterprise within the meaning of N.J.S.A. 2C:41-1(c) engaged in, or the activities of which affected, trade or commerce.

3. In connection with their activities involving the erroneous and inadvertent payments made by BOA as set forth above, one or more of Bank Building Conspirators, Berger & Bornstein, L. Berger and/or R. Bornstein, in violation of N.J.S.A. 2C:41-2(b), (c) and (d), participated directly or indirectly in the conduct of the affairs of the enterprise through a pattern of racketeering activity within the meaning of N.J.S.A. 2C:41-1(a) by committing and/or conspiring to commit on several different occasions two or more crimes including, but not limited to, N.J.S.A. 2C:20-3 (theft by unlawful taking), N.J.S.A. 2C:20-4 (theft by deception), N.J.S.A. 2C:20-6 (theft of property lost, mislaid or delivered by mistake), N.J.S.A. 2C:20-7 (receipt of stolen property) and N.J.S.A. 2C:20-9 (theft by failure to make required disposition of

9

property received).

4. The racketeering conduct of one or more of Bank Building Conspirators, Berger & Bornstein, L. Berger and/or R. Bornstein occurred continuously as part of a scheme to wrongfully divert to themselves the property of BOA as set forth above and possibly otherwise.

5. As a proximate result of the participation of one or more of Bank Building Conspirators, Berger & Bornstein, L. Berger and/or R. Bornstein in this enterprise, BOA has been injured in its business and property and may incur additional damages in the future.

6. By reason of the foregoing, pursuant to both N.J.S.A. 2C:20-20 and N.J.S.A. 2C:41-4(c), one or more of Bank Building Conspirators, Berger & Bornstein, L. Berger and/or R. Bornstein are jointly and severally liable to BOA for threefold the ultimate amount of any losses sustained or to be sustained by them together with costs of suit, including attorneys' fees and costs of investigation and litigation

**WHEREFORE**, BOA demands judgment against the Bank Building Conspirators, Berger & Bornstein, L. Berger and/or R. Bornstein, jointly and severally, for compensatory, treble and punitive damages, together with interest, costs of suit, attorneys' fees and costs and such other and further relief which the Court may deem just and reasonable.

### JURY DEMAND

BOA hereby demands a trial by jury as to all issues.

SODINI & SPINA, LLC
Attorneys for Plaintiff
Bank of America, N.A.

BY: _/s/ M. Collins_
MICHAEL T. COLLINS

August 14, 2009

10

## CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify pursuant to R. 4:5-1 that the matter in controversy is not the subject of another action pending in any court or a pending arbitration proceeding other than Bank Building Associates v. Bank of America, N.A., Docket No. MRS-L-2172-05 which is currently on appeal (Appellate Court Docket # A-004-973-07T3 which was dismissed as not being final and Appellate Court Docket # A-3571-08-T1 which was remanded to the trial court for consideration of certain matters but which is now entirely in the Appellate Division), no such action or arbitration proceeding is presently contemplated and I am currently unaware of any other parties who should be joined in this action.

*M. Collins*

MICHAEL T. COLLINS

Dated: August 14, 2009

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division - Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c) if information above black bar is not completed or if attorney's signature is not affixed.

FILED & RECEIVED #1
09 AUG 20 PM 12:26
MIDDLESEX
DEPUTY CLERK
SUPERIOR COURT

**FOR USE BY CLERK'S OFFICE ONLY**

| Payment Type | CK | CG | CA |
|---|---|---|---|
| Chg/Ck No. | | | |
| Amount: | | | |
| Overpayment: | | | |
| Batch Number: | | | |

| ATTORNEY NAME<br>MICHAEL T. COLLINS, ESQ. | TELEPHONE NO.<br>(732) 431-0011 | COUNTY OF VENUE<br>MIDDLESEX |
|---|---|---|
| FIRM NAME  SODINI & SPINA, LLC | | DOCKET NUMBER (When available) |
| OFFICE ADDRESS  500 HARDING ROAD<br>FREEHOLD, NEW JERSEY 07728 | | DOCUMENT TYPE<br>COMPLAINT AND JURY DEMAND |
| | | JURY DEMAND<br>☒ YES   ☐ NO |

| NAME OF PARTY: (e.g., John Doe, Plaintiff)<br>Plaintiff/Defendant:<br><br>PLAINTIFF BANK OF AMERICA, N.A. | CAPTION:<br>BANK OF AMERICA, N.A. v. BANK BUILDING ASSOCIATES, L.P., BERGER & BORNSTEIN, P.A., LAWRENCE S. BERGER and ROBERT BORNSTEIN, individually, ABC COMPANIES 1-10, JOHN DOES 1-10 AND JANE DOES 1-10 |
|---|---|
| CASE TYPE NUMBER:<br>(see reverse side for listing) 508 | IS THIS A PROFESSIONAL MALPRACTICE CASE ☐ YES ☒ NO<br>IF YOU HAVE CHECKED "YES" SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING? ☒ YES ☐ NO | IF YES, LIST DOCKET NUMBERS  Appellate Docket No. A-3571-08T1 |
| DO YOU ANTICIPATE ADDING ANY PARTIES? (arising out of same transaction or occurrence) ☐ YES ☒ NO | NAME OF DEFENDANTS PRIMARY INSURANCE COMPANY, IF KNOWN<br>☐ NONE  ☒ UNKNOWN |

**THE INFORMATION PROVIDED BELOW CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION:

A. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? YES ☒ NO ☐
IF YES, IS THAT RELATIONSHIP ☐ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ FAMILIAL ☒ BUSINESS ☐ OTHER (explain) _____

B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?
☒ YES   ☐ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

This case involves erroneous and inadvertent payments by a national banking association of municipal taxes and other municipal charges that are the responsibility of one or more of the defendants of in excess of $400,000 and what appears to be fraudulent conduct of one or more of the defendants in wrongfully exercising dominion and control over these funds for their own use and benefit and depriving Plaintiff from these funds. In addition, it should also be noted that one of the defendants is a New Jersey law firm and two others are attorneys licensed to practice law in the State of New Jersey.

| ♿ DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ☒ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATIONS_____ |
|---|---|
| WILL AN INTERPRETER BE NEEDED?  ☐ YES  ☒ NO | IF YES, FOR WHAT LANGUAGE _____ |

ATTORNEY SIGNATURE                                    /s/ M. Collins
                                                     _____
                                                     MICHAEL T. COLLINS, ESQ.
DATED: August 14, 2009

Effective: 09/01/2006, CN: 10517-English

**SIDE 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under Rule 4:5-1

**CASE TYPES:** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I — 150 days' discovery
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
- 506 PIP COVERAGE
- 510 UM OR UIM CLAIM
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (SUMMARY ACTION)
- 999 OTHER (Briefly describe nature of action) _____

### Track II — 300 days' discovery
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603 AUTO NEGLIGENCE - PERSONAL INJURY
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE - PROPERTY DAMAGE
- 699 TORT - OTHER

### Track III — 450 days' discovery
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER/CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV — Active Case Management by Individual Judge/450 days' discovery
- 156 ENVIRONMENTAL / ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

### Mass Tort (Track IV)
- 240 REDUX/PHEN-FEN (formerly "DIET DRUG")
- 241 TOBACCO
- 248 CIBA GEIGY
- 264 PPA
- 266 HORMONE REPLACEMENT THERAPY (HRT)
- 268 MANUFACTURED GAS PLANT (MGP)
- 271 ACCUTANE
- 272 BEXTRA/CELEBREX
- 601 ASBESTOS
- 619 VIOXX

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1 in the space under "Case Characteristics".

Please check off each applicable category:
- ☐ Verbal Threshold
- ☐ Putative Class Action
- ☐ Title 59

Effective: 09/01/2006, CN: 10517-English